THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAUL ALAN HILEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>HOLBROOK et al.,<br><br>    Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:22-CV-582-RJS<br><br>Chief District Judge Robert J. Shelby |

  Plaintiff's action is dismissed for failure to prosecute.

  On September 7, 2022, Plaintiff submitted a federal civil-rights complaint, 42 U.S.C.S. § 1983 (2023), proceeding *in forma pauperis*. (ECF Nos. 1, 5-6.) Since then, the Court has been trying to get an inmate-account statement from him so that an initial partial filing fee could be calculated, while Plaintiff has repeatedly asserted that Utah County Jail (where he was housed) would not give him the statement. (ECF Nos. 5, 21, 27.) The Court last heard from Plaintiff on February 27, 2023, two months ago. Meanwhile, the Court's telephone call to the Jail revealed Plaintiff was released without providing a forwarding address over a month ago—on April 23, 2023.

  Plaintiff is required to tell the Court of address changes and timely comply with orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number.").

  Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). The Court

may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (stating, though Rule 41(b) requires defendant file motion to dismiss, Rule has long been construed to let courts dismiss actions *sua sponte* when plaintiff fails to prosecute or comply with orders); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when prolonged and unexcused delay by plaintiff). Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County  Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).

## CONCLUSION

Having evaluated Plaintiff's lack of responsiveness, together with Plaintiff's failure to provide a current address, the Court concludes that dismissal is appropriate.[1]  **IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice.

DATED this 1st day of June, 2023.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court

---

[1] In many cases, the court would issue an order to show case before dismissing for failure to prosecute. But in view of the circumstances of this case, including that there is no address to deliver any order warning the Plaintiff that the case might be dismissed, such an order would be of little utility.